UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHELCEE BRADY,<br><br>                       Plaintiff(s),<br><br>v.<br><br>SOUTHWEST AIRLINES CO., et al.,<br><br>                       Defendant(s). | Case No. 2:14-CV-2139 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Davis Aircraft Products' ("Davis") motion to dismiss for lack of personal jurisdiction and, alternatively, failure to state a claim upon which relief can be granted. (Doc. # 14). Plaintiff Chelcee Brady filed a response, (doc. # 18), and defendant filed a reply, (doc. # 21).

**I.  Background**

The instant action arises out of a personal injury suit. Plaintiff allegedly suffered brain trauma while on an airplane from Ontario, California, to Las Vegas, Nevada. On February 24, 2008 plaintiff was a passenger on Southwest Airlines ("Southwest") Flight 2809. (Doc. # 1). Davis manufacturers and installs aircraft parts for commercial airlines, including Southwest. (*Id.*).

Plaintiff alleges that during her flight to Las Vegas the airplane experienced severe turbulence. (*Id.*). Plaintiff further claims that during the turbulence, plaintiff's seatbelt fitting failed and separated, causing plaintiff's head to violently strike the overhead storage bin. (*Id.*). Plaintiff asserts that this incident caused her traumatic brain injury. According to plaintiff's complaint, Davis manufactured the incident restraints on the aircraft where plaintiff was allegedly injured. (Doc. ## 1, 14).

**James C. Mahan**
**U.S. District Judge**

Plaintiff initiated suit in this court on December 17, 2014, asserting a negligence claim. (Doc. # 1). Defendant filed the instant motion to dismiss on May 4, 2015, arguing that the court lacks personal jurisdiction and that plaintiff fails to state a claim upon which relief can be granted. (Doc. # 14).

**II.   Legal Standard**

*a.   Motion to dismiss for lack of personal jurisdiction*

Personal jurisdiction over a defendant is proper when jurisdiction is provided for by law and the exercise of jurisdiction comports with due process. *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (2014). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065.

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden*, 134 S.Ct. at 1121.

**III.   Discussion**

*a.   Motion to dismiss for lack of personal jurisdiction*

*i.   General jurisdiction*

General jurisdiction is appropriate where a defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant is essentially at home in the forum. *Daimler*, 134 S.Ct. at 754. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

In order for general jurisdiction to be appropriate, "defendant's contacts [must] be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

It is true that Southwest flies to and from Nevada, but Davis has no significant contacts with Nevada aside from outfitting Southwest airplanes with parts. Davis has no agents or employees in Nevada, has no offices in Nevada, does not market its products in Nevada, and is neither incorporated nor licensed in Nevada. As a result, the fact that Davis outfits airplanes that travel to and from Nevada does not establish the continuous and systematic contacts required for this court to exercise personal jurisdiction over Davis.

In arguing that this court may still exercise general jurisdiction over Davis, plaintiff contends primarily that Davis manufactures aircraft safety components for large national and international customers such as Southwest and Boeing. (Doc. # 14). Plaintiff argues that it is "generally known" that Southwest transports passengers all over the world and thus, Davis knows that its products could travel anywhere in the country, including Nevada. (*Id.*).

Plaintiff further claims that Davis's products traveling into Nevada via Southwest constitutes continuous and systematic contacts with Nevada. In particular, plaintiff argues that the high number of Southwest airplanes outfitted with Davis parts that travel to and from Nevada is alone sufficient for general personal jurisdiction. This argument is not persuasive.

With respect to Davis supplying parts for Southwest airplanes, the Supreme Court has expressly rejected the argument that placing items into the stream of commerce suffices for general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (holding the stream of commerce analysis "is an inadequate basis for the exercise of general jurisdiction"); *see also Fisher v. Prof'l Compounding Ctrs. of Am.*, 318 F. Supp. 2d 1046, 1050 (D. Nev. 2004), *aff'd sub nom. Fisher v. Alfa Chem. Italiana*, 258 F. App'x 150 (9th Cir. 2007) (finding the stream of commerce analysis is inapplicable to general jurisdiction).

Accordingly, plaintiff has failed to establish the continuous and systematic contacts required for this Court to exercise general personal jurisdiction over Davis.

**James C. Mahan**
**U.S. District Judge**

- 3 -

*ii.  Specific jurisdiction*

Where general jurisdiction is not found, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the cause of action. Specific jurisdiction allows a court to hear claims that arise out of a defendant's activities that are directed at the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). The Ninth Circuit has established a three-prong test for determining specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must arise out of or relate to defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs. *Id.* If a plaintiff meets this burden, a defendant hoping to defeat jurisdiction must show that the court's exercise of jurisdiction would be unreasonable. *Id.*

Further, the plaintiff cannot be the defendant's only connection to the forum state. *Walden,* 134 S.Ct. at 1121. "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 1122 (quoting *Burger King,* 471 U.S. at 478).

Defendant claims that it is not subject to specific jurisdiction because placing products into the stream of commerce is insufficient for personal jurisdiction. (Doc. # 14). Plaintiff asserts two bases for how Davis purposefully availed itself of the privileges and benefits of doing business in Nevada: (1) NRS § 14.080 and (2) general purposeful availment. (Doc. # 18).

Plaintiff first claims that purposeful availment exists based on NRS § 14.080, Nevada's products liability statute. The Nevada Supreme Court has given a broad interpretation to § 14.080. *Abraham v. Agusta, S.P.A.*, 968 F. Supp. 1403, 1407 (D. Nev. 1997). However, "regardless of how broad the construction of a state's long-arm statute, the state statute can never confer personal

James C. Mahan
U.S. District Judge

- 4 -

jurisdiction beyond the limits imposed by the U.S. Constitution. *See Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1286 (9th Cir. 1977).

"While this court is bound to follow the Nevada Supreme Court's interpretation of the state's long-arm statute, the due process question is a matter of federal law." *Abraham*, 968 F. Supp. at 1407.  Thus, the analysis for establishing personal jurisdiction is whether Davis reasonably expected to be haled into court in Nevada, also known as general purposeful availment. Plaintiff's claim that § 14.080 confers jurisdiction is inaccurate.

Plaintiff subsequently asserts that personal jurisdiction exists under general purposeful availment. "The purposeful availment prong of the minimum contacts test requires a 'qualitative evaluation of the defendant's contact with the forum state,' in order to determine whether '[the defendant's] conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003).

Davis claims that under plaintiff's reasoning, Davis would be subjected to personal jurisdiction anywhere its customers do business. (Doc. # 21). Davis contends that such a holding would eliminate the "foreseeability" aspect of personal jurisdiction because Davis cannot control or anticipate where its customers do business. (*Id.*).

The court agrees with Davis. The fact that Davis sold products to a corporation that does business in Nevada does not show that it anticipated being haled into court here. *See Abraham*, 968 F. Supp. at 1408-09 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-98 (1980) ("an out-of-state defendant can be found to have purposefully availed itself of the forum only on the basis of its own affirmative conduct directed at the forum")); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986) ("Because [defendant] did not engage in affirmative conduct. . .but rather passively made a sale it allegedly knew would affect that state, we conclude that [defendant] did not direct its activities purposefully").

Plaintiff fails to identify any contact that establishes purposeful availment. Accordingly, the court may not exercise specific jurisdiction over Davis.

**James C. Mahan**
**U.S. District Judge**

- 5 -

### iii. Jurisdictional discovery

Plaintiff also seeks leave to take jurisdictional discovery. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys Tech. Assocs.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

For jurisdictional discovery to be warranted, plaintiff must provide some basis to believe that discovery will lead to relevant evidence and provide a foundation for the exercise of personal jurisdiction. Where courts have "little more than a hunch" that discovery might yield relevant facts, courts have denied jurisdictional discovery. *Boschetto*, 539 F.3d at 1020.

The jurisdictional discovery requested by plaintiff relates to Davis's relationship with Southwest, not its relationship with Nevada. For example, plaintiff's discovery topics include, "what portion of Southwest planes . . . used Davis' seatbelts" and "communications between Davis and Southwest to determine if any communications were directed at Nevada." (Doc. # 18). The answers to these questions are irrelevant to the jurisdictional inquiry and thus are insufficient to allow jurisdictional discovery. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("[A] refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."). Accordingly, plaintiff's request for jurisdictional discovery will be denied.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss for lack of personal jurisdiction, (doc. # 14), be, and the same hereby is, GRANTED. Defendant Davis Aircraft Products is hereby DISMISSED from the case.

**James C. Mahan**
**U.S. District Judge**

- 6 -

IT IS FURTHER ORDERED that defendant's motion for failure to state a claim upon which relief can be granted, (doc. # 14), be, and the same hereby is, DENIED as moot.

DATED July 6, 2015.

_____
UNITED STATES DISTRICT JUDGE