UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHELCEE BRADY, | ) | |
| | ) | Case No. 2:14-cv-02139-JCM-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | STAY DISCOVERY |
| | ) | |
| SOUTHWEST AIRLINES, et al., | ) | (Docket No. 46) |
| | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Pending before the Court is the motion to stay discovery filed by Defendant B/E Aerospace. Docket No. 46 Defendant Southwest Airlines Co. filed a joinder. Docket No. 50. Plaintiff filed a response in opposition and B/E Aerospace filed a reply. Docket Nos. 54, 59. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is **GRANTED**.

B/E Aerospace seeks an order staying discovery pending resolution of, *inter alia*, its motion for judgment on the pleadings challenging personal jurisdiction. While the filing of a motion challenging personal jurisdiction does not automatically result in an order staying discovery, such a motion "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, *3 (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, *2 (D. Nev. Oct. 10, 2012)). Courts are more inclined to stay discovery pending resolution of such a motion because it presents a "critical preliminary question." *Id.* In this case, the undersigned has reviewed the briefing on the motion

for judgment on the pleadings, and finds B/E Aerospace's arguments to have sufficient weight to warrant staying discovery.[1]

Plaintiff also argues that a complete stay of discovery is not warranted because jurisdictional discovery should be allowed. *See* Docket No. 54 at 3-4. In opposing the pending motion for judgment on the pleadings, Plaintiff has requested that the district judge grant jurisdictional discovery if he finds that the record is not sufficiently developed. *See* Docket No. 53 at 13. Thus, it is more prudent for the undersigned to defer the question of whether jurisdictional discovery is necessary to the assigned district judge in his determination of the merits of the pending motion to dismiss. *See*, *e.g.*, *AMC Fabrication*, 2012 WL 4846152, at *4.

For the reasons discussed above, the motion to stay discovery pending resolution of B/E Aerospace's motion for judgment on the pleadings is hereby **GRANTED**. This stay applies to all discovery, including discovery pertaining to Southwest Airlines. Once the motion for judgment is decided, the remaining parties shall file a joint proposed discovery plan within seven days of the issuance of the order resolving that motion.

IT IS SO ORDERED.

DATED: August 5, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position, and is not meant to prejudice the outcome of the motion to dismiss. *See*, *e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 n.4 (D. Nev. 2013) (citing *TradeBay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011)). Moreover, the Court is cognizant that how the undersigned "sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *Kabo Tool*, 2013 U.S. Dist. Lexis 53570, at *3 (quoting *AMC Fabrication*, 2012 WL 4846152, at *4).