UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHELCEE BRADY, | Case No. 2:14-CV-2139 JCM-PAL |
| Plaintiff(s), | ORDER |
| v. | |
| SOUTHWEST AIRLINES CO., et al., | |
| Defendant(s). | |

Presently before the court is defendant B/E Aerospace's motion for judgment on the pleadings to dismiss for lack of personal jurisdiction. (Doc. # 43). Plaintiff Chelcee Brady ("plaintiff") filed a response (doc. # 53) and defendant filed a reply. (Doc. # 58).

**I.   Background**

Plaintiff's complaint asserts causes of action for negligence and respondeat superior. (Doc. #1). Plaintiff Chelcee Brady was a passenger on Southwest flight number 2809, traveling from Ontario, California, to Las Vegas, Nevada. (*Id.* at 2). Plaintiff alleges that the plane encountered severe turbulence during descent for landing at McCarran International Airport in Las Vegas, Nevada. (*Id.*). Plaintiff further claims that during the turbulence, plaintiff's seatbelt fitting failed and separated, causing plaintiff's head to strike the overhead bin. (*Id.* at 3). Plaintiff asserts that this incident caused her permanent brain injury. (*Id.* at 14). Plaintiff alleges that B/E Aerospace, Inc., and Davis Aircraft Productions Co., Inc., were aircraft part manufacturers and installers for commercial airlines, including Southwest Airlines. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

Defendant B/E Aerospace moves for judgment on the pleadings to dismiss for lack of personal jurisdiction. (Doc. #43).

## II.     Legal Standard

Personal jurisdiction over a defendant is proper when jurisdiction is provided for by law and the exercise of jurisdiction comports with due process. *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (2014). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065.

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden*, 134 S.Ct. at 1121.

To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the burden of demonstrating that his or her allegations would establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. V. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

In order to establish personal jurisdiction over defendant within the confines of due process, plaintiff must either show: (1) general jurisdiction, or (2) specific jurisdiction. *F.D.I.C. v. British-American Ins. Co., Ltd.,* 828 F.2d 1439, 1441 (9th Cir. 1987).

### III.  Discussion

#### a.  Motion for judgment on the pleadings to dismiss for lack of personal jurisdiction

Defendant argues that the court should dismiss this case against B/E Aerospace for lack of personal jurisdiction because B/E Aerospace is not "at home" in Nevada and because B/E Aerospace does not conduct any activities in Nevada. (Doc. # 43 at 2).

Plaintiff opposes defendant's motion and argues that plaintiff made a prima facie showing that B/E Aerospace is subject to both general and specific personal jurisdiction.  (Doc. # 53 at 3). Alternatively, plaintiff requests this court allow plaintiff to conduct jurisdictional discovery. (*Id.*).

##### i.  General jurisdiction over defendant

General jurisdiction is appropriate where a defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant is essentially at home in the forum. *Daimler,* 134 S.Ct. at 754. "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that approximate physical presence.'" *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (citations omitted). A finding of general jurisdiction must be a stringent standard because it permits a defendant to be haled into court in the forum state to answer for its activities anywhere in the world. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

The court primarily considers the place of incorporation and the principal place of business when determining general jurisdiction of a corporation. *Daimler*, 134 S.Ct. at 760.

B/E Aerospace is a manufacturer of aircraft seats incorporated in Delaware with its principal place of business in Florida. (Doc. #43 at 4). Defendant is neither registered nor licensed to do business in Nevada, does not own property in Nevada, and does not have a designated agent for service of process in Nevada. (*Id.*). Additionally, defendant claims it did not manufacture, supply or install any components on the accident aircraft in Nevada. (*Id.*). Therefore, no basis exists for defendant to anticipate being haled into a Nevada court.

Plaintiff argues that defendant's contacts are continuous and systematic because defendant sells critical aircraft safety parts to national and international clients that regularly use defendant's products in traveling to and conducting business in Nevada. (Doc. 53 at 4-5).  However, the Supreme Court has expressly rejected the argument that placing items into the stream of commerce suffices for general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (holding the stream of commerce analysis "is an inadequate basis for the exercise of general jurisdiction"); *see also Fisher v. Prof'l Compounding Ctrs. of Am.*, 318 F. Supp. 2d 1046, 1050 (D. Nev. 2004), *aff'd sub nom. Fisher v. Alfa Chem. Italiana*, 258 F. App'x 150 (9th Cir. 2007) (finding the stream of commerce analysis is inapplicable to general jurisdiction).

Accordingly, this court finds defendant's contacts with Nevada are not substantial or continuous enough to warrant general personal jurisdiction over B/E Aerospace.

### ii. Specific jurisdiction over defendant

Where general jurisdiction is not found, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the cause of action. *F.D.I.C.,* 828 F.2d at 144. The inquiry into whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the

**James C. Mahan**
**U.S. District Judge**

forum, and the litigation.'' *Walden*, 134 S.Ct. at 1121. For a state to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a substantial connection with the forum state. *Id.*

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted). The court applies the purposeful availment test for cases involving a contractual dispute, whereas the purposeful direction test is used for tort matters. *Schwarzenegger*, 374 F.3d at 801.

Further, the plaintiff cannot be the defendant's only connection to the forum state. *Walden*, 134 S.Ct. at 1121. "[I]t is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him." *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 478).

Defendant claims that it is not subject to specific jurisdiction because placing products into the stream of commerce is insufficient for personal jurisdiction. (Doc. # 43). Plaintiff alleges that B/E Aerospace availed itself of the benefits and privileges of doing business in Nevada. (Doc. #53 at 6).

**James C. Mahan**
**U.S. District Judge**

- 5 -

Plaintiff first claims that purposeful availment exists based on NRS § 14.080, Nevada's products liability statute. The Nevada Supreme Court broadly interprets NRS § 14.080. *Abraham v. Agusta, S.P.A.*, 968 F. Supp. 1403, 1407 (D. Nev. 1997). However, "regardless of how broad the construction of a state's long-arm statute, the state statute can never confer personal jurisdiction beyond the limits imposed by the U.S. Constitution." *See Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1286 (9th Cir. 1977).

"While this court is bound to follow the Nevada Supreme Court's interpretation of the state's long-arm statute, the due process question is a matter of federal law." *Abraham*, 968 F. Supp. at 1407. Thus, the analysis for establishing personal jurisdiction is whether B/E Aerospace reasonably expected to be haled into court in Nevada, also known as general purposeful availment. Plaintiff's claim that § 14.080 confers jurisdiction is inaccurate.

Plaintiff subsequently asserts that personal jurisdiction exists under general purposeful availment. "The purposeful availment prong of the minimum contacts test requires a 'qualitative evaluation of the defendant's contact with the forum state,' in order to determine whether '[the defendant's] conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003).

B/E Aerospace claims that it does not conduct any activity in Nevada. (Doc. #43 at 7). B/E Aerospace relies on this court's previous order holding that the "foreseeability" aspect of personal jurisdiction would be eliminated if a company were to be subjected to personal jurisdiction anywhere its customers do business. (Doc. # 39). It is the defendant himself who must create the contacts with the forum. *Walden*, 134 S.Ct. at 1122.

**James C. Mahan**
**U.S. District Judge**

- 6 -

The fact that B/E Aerospace sold products to a corporation that does business in Nevada does not show that it anticipated being hauled into court here. *See Abraham*, 968 F. Supp. at 1408-09 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-98 (1980) ("an out-of-state defendant can be found to have purposefully availed itself of the forum only on the basis of its own affirmative conduct directed at the forum")); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986) ("Because [defendant] did not engage in affirmative conduct . . . but rather passively made a sale it allegedly knew would affect that state, we conclude that [defendant] did not direct its activities purposefully").

Plaintiff fails to identify any contact that establishes purposeful availment. Accordingly, the court may not exercise specific jurisdiction over B/E Aerospace.

### b. Plaintiff's request for jurisdictional discovery

Plaintiff also seeks leave to take jurisdictional discovery. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys Tech. Assocs.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

For jurisdictional discovery to be warranted, plaintiff must provide some basis to believe that discovery will lead to relevant evidence and provide a foundation for the exercise of personal jurisdiction. Where courts have "little more than a hunch" that discovery might yield relevant facts, courts have denied jurisdictional discovery. *Boschetto*, 539 F.3d at 1020.

**James C. Mahan**
**U.S. District Judge**

- 7 -

The jurisdictional discovery requested by plaintiff relates to B/E Aerospace's relationship with Southwest, not its relationship with Nevada. For example, plaintiff's discovery topics include, "what portion of Southwest planes . . . used BEA's Seat Belt Assemblies" and "communications between BEA and Southwest to determine if any communications were directed at Nevada." (Doc. # 53 at 13). As explained in this court's previous order (doc. #39), the answers to these questions are irrelevant to the jurisdictional inquiry and thus are insufficient to allow jurisdictional discovery. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("[A] refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."). Accordingly, plaintiff's request for jurisdictional discovery is denied.

**IV. Conclusion**

The court finds that plaintiff has failed to establish that B/E Aerospace has sufficient minimum contacts with the state of Nevada. Therefore, the court will grant defendant B/E Aerospace's motion to dismiss for lack of personal jurisdiction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for judgment on the pleadings to dismiss for lack of personal jurisdiction, (doc. #43), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant B/E Aerospace is hereby DISMISSED from the case.

DATED January 20, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**